**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DHANNIELL AQUINO, SR.**[1], | : |
| | : |
| Plaintiff, | : CIVIL NO. 3:CV-07-1395 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| **ED SAUDI**, et al., | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

**I.   Introduction**

Dhanniell Aquino, Sr., an inmate currently confined at the State Correctional Institution at Houtzdale, Pennsylvania, initiated this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  He has submitted the required filing fee.  Named as Defendants are several individuals employed at the Siena Halfway House, Harrisburg, Pennsylvania, where Plaintiff was confined several years ago, as well as two Doe Defendants.  Based on this Court's review of the complaint, Aquino's claims are clearly barred by Pennsylvania's applicable statute of limitations.  Consequently, the Court, acting in accord with the authority set forth in  28 U.S.C. § 1915A(b)(1), will dismiss the complaint, sua sponte, for failure to state a viable claim for relief.

---

[1] As indicated by Plaintiff in the caption of his complaint, he also goes under the alias name of Dhanny Vega.  (Dkt. Entry 1, Compl. at 1.)  He has filed numerous actions in this Court under both names.

**I.      Background**

In the complaint Plaintiff alleges that, in September of 2004 while at the Siena Halfway House, Defendants forced him to take medication to which he is allergic, triggering his diabetes as well as causing other injuries.  He also alleges violations of his First Amendment right to free exercise of religion during the same time period.  He contends that he filed grievances related to these issues but received no response.  On November 23, 2004, he states that he was "maliciously discharged" to another program without a hearing or any explanation.  He seeks declaratory and compensatory relief.

**II.     Discussion**

Pursuant to 28 U.S.C. § 1915A(b)(1), a Court shall review a complaint in a civil action filed by a prisoner and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  A district court may determine that process should not be issued if the complaint presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990)(quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

2

In reviewing the applicability of the statute of limitations to an action filed pursuant to § 1983, a federal court must apply the appropriate state statute of limitations which governs personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266 (1985); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 457 n. 9 (3d Cir. 1996); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  The United States Supreme Court clarified its decision in Wilson when it held that "courts considering § 1983 claims should borrow the general or residual [state] statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F. Supp. 809, 814 (M.D. Pa.), aff'd 101 F.3d 691 (3d Cir. 1996)(Table).  Pennsylvania's applicable personal injury statute of limitations is two years.  See 42 Pa. Cons. Stat. Ann.     § 5524(7); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Hoppe v. SmithKline Beecham Corp., 437 F. Supp.2d 331, 335 (E.D. Pa. 2006).  Finally, the statute of limitations "begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the Section 1983 Action." Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)(citations omitted).

Plaintiff's claims all arose while he was at the Siena Halfway House in 2004.  The instant complaint was filed on July 31, 2007.  There is no question Plaintiff was aware of his alleged injuries when they occurred as evidenced by his allegations in the instant complaint.  Further, the Court notes that Plaintiff previously filed a civil action in this Court raising these identical claims against the same Defendants on October 17, 2005.  See Aquino v. Saudi, et al., Civil

Action No. 3:CV-05-2107 (M.D. Pa.).[2]

The statute of limitations is an affirmative defense which may be voluntarily waived. It appears certain that if this action were allowed to proceed, a motion to dismiss would be filed and would have to be granted. Although the Third Circuit Court of Appeals has not yet visited the issue in a precedential opinion,[3] other federal Courts of Appeals have concluded that a district court may dismiss a complaint under § 1915 when the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate. See, e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 2006); Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995); Myers v. Vogal, 960 F.2d 750, 750-51 (8th Cir. 1992); Street v. Vose, 936 F.2d 51, 53 (1st Cir. 1991); Watson v. Wayne County, 90 Fed. Appx. 814, 815 (6th Cir. 2004).[4] Those conditions are met here as the defense obviously arises from the allegations within the complaint without the

---

[2] This earlier action was dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(g) on the basis of the Three Strikes rule.

[3] In recent unpublished decisions, the Third Circuit Court of Appeals affirmed the sua sponte dismissal of claims barred by the statute of limitations. See Hurst v. Trader, 223 Fed. Appx. 128, n.6 (3d Cir. Feb. 23, 2007); Huertas v. City of Philadelphia, 188 F.3d 136, 137 n.3 (3d Cir. 2006).

[4] Although several of the decisions dealt with the screening provisions of the in forma pauperis statute, 28 U.S.C. § 1915, there is no apparent reason why the screening provisions for prisoner cases found in 28 U.S.C. § 1915A, should be treated any differently in terms of the court's authority to dismiss an action on the basis of an affirmative defense readily apparent from the face of the complaint.

necessity of further factual development.  Courts within this district have dismissed prisoner actions on limitations grounds on the initial screening mandated by Congress.  See Williams v. Raiger, Civil No. 03-0336, slip op. at 5 (M.D. Pa. March 11, 2003)(Jones, J.); Miller v. Hassinger, Civil No. 02-1520, slip op. at 4 (M.D. Pa. Sept. 30, 2002)(Muir, J.); Norris v. Vaughn, Civil No. 00-1856, slip op. at 4 (M.D. Pa. Oct. 30, 2000)(Rambo, J.).

In the present case it is clear that the complaint raises alleged constitutional misconduct which ceased with the Plaintiff's transfer from the Siena House in November of 2004. There are no facts or allegations asserted in the complaint regarding any impediment which may have prevented the timely filing of this action.  Likewise, there are no averments of law or fact which could support the tolling of the statute of limitations.  Consequently, since the instant complaint is clearly barred by Pennsylvania's controlling statute of limitations, this action will be dismissed as time barred.  An appropriate Order follows.

                                              **s/ Thomas I. Vanaskie**
                                              Thomas I. Vanaskie
                                              United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DHANNIELL AQUINO, SR.,** | : |
| | : |
|     **Plaintiff,** | :   **CIVIL NO. 3:CV-07-1395** |
| | : |
|     **vs.** | :   **(JUDGE VANASKIE)** |
| | : |
| **ED SAUDI, et al.,** | : |
| | : |
|     **Defendants.** | : |

## O R D E R

**NOW, THIS 11th DAY OF OCTOBER, 2007,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Complaint (Dkt. Entry 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) as barred by the applicable statute of limitations.

2. The Clerk of Court is directed to mark this matter **CLOSED**.

                                                    **s/ Thomas I. Vanaskie**
                                                    Thomas I. Vanaskie
                                                    United States District Judge